HARWOOD,
Justice (concurring specially).
I concur specially to emphasize that we are not told in this case whether the attorney for the insured received any fee out of the $100,000 advanced to his client by the insurer, State Farm Mutual Automobile *1140 Insurance Company. The petitioner State Farm adopts as its “Statement of Facts” the facts contained in the opinion of the Court of Civil Appeals, which are silent on that point. Eiland v. Meherin, 854 So.2d 1134 (Ala.Civ.App.2002). Therefore, we cannot evaluate how an allocation of an attorney fee out of funds advanced by the underinsured-motorist insurer might alter the outcome of a “fairness” analysis, based on the “equitable notion” of proportionally shared burdens of achieving recovery, coupled with the premise that insurance sub-rogation is designed to prevent a double recovery, as those concepts are interwoven in the opinion of the Court of Civil Appeals. For all that appears, the entire $100,000 advanced by State Farm to its insured was retained by the insured, without any allocation of a fee to his attorney.
If, however, we hypothesize a different scenario, whereby an attorney for an insured receives a fee out of both the insurer-advanced funds and the subsequent recovery from the underinsured tortfeasor, the outcome of an analysis incorporating all proper considerations might be different. For example, if we were to assume a 33#% contingent fee and assume further that the insured’s attorney received that percentage out of both the $100,000 advanced by the insurer and the $50,000 recovery from the tortfeasor, the breakdown of the respective shares going to the insured, the insurer, and the attorney, disregarding any reimbursement of the actual expenses of litigation, would be as follows:
Funds Insured Insurer Attorney
$100,000: $66.666.66 0 $33,333.34
60,000: 0 $33,333.33 16,666.67
TOTAL $66,666.66 $33,333.33 $60,000.01
I reserve the right to analyze de novo the special considerations such a scenario would implicate, when and if those considerations are presented. This case does not present those considerations.